IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AARON ARIAS,<br><br>Plaintiff,<br><br>v.<br><br>CHI ST. LUKE'S HEALTH BAYLOR COLLEGE OF MEDICINE MEDICAL CENTER,<br><br>Defendant. | CIVIL ACTION NO. 4:18-cv-4530<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

AARON ARIAS, ("Arias" or "Plaintiff"), by and through his attorney of record, hereby complains of CHI St. Luke's Health Baylor College of Medicine Medical Center ("CHI St. Luke's" or "Defendant"), and for cause of action would show as follows:

### 1. INTRODUCTION

1.1. CHI St. Luke's interfered with Plaintiff's right to take medical leave, and terminated Plaintiff in retaliation for requesting medical leave, in violation of the Family and Medical Leave Act of 1993 ("FMLA").

1.2. This action seeks back pay and front pay, compensatory and punitive damages, liquidated damages, expert witness fees, court costs, attorney's fees, pre-judgment and post-judgment interest, and all other damages permitted at law or in equity.

### 2. PARTIES

2.1. Plaintiff is a resident of Brazoria County, Texas. At all material times, Plaintiff was employed by Defendant in Houston, Harris County, Texas.

2.2. Defendant CHI St. Luke's Health Baylor College of Medicine Medical Center is a domestic nonprofit corporation licensed to do and conducting business in Texas. Defendant may be served with process through its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201-3136, USA.

## 3. JURISDICTION

3.1. This action is brought under the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*

3.2. The unlawful employment practices were committed within the jurisdiction of the United States District Court for the Southern District of Texas—Houston Division.

3.3. This Court has jurisdiction over all claims in this action. The amount in controversy is within the jurisdictional limits of this Court.

## 4. FACTS

4.1. Mr. Arias was hired as Director of Cardiovascular Services at CHI St. Luke's in September 2016.

4.2. Around the end of November 2016, Mr. Arias had cardiac bypass surgery. Mr. Arias had follow up surgery on his back in January 2017. Mr. Arias returned to work in January 2016.

4.3. On June 22, 2017, Mr. Arias received an "Exceeds expectations" yearly review.

4.4. Around June or July 2017, Mr. Arias began experiencing severe pain in his right shoulder caused by nerve damage, scar tissue and bursitis resulting from his prior surgeries. When his symptoms were at their worst, Mr. Arias could not lift up his arm, drive, or pick up an object due to extreme pain.

4.5. Mr. Arias first saw his doctor for his shoulder in July 2017 and was prescribed medication and physical therapy. Mr. Arias took off the minimum amount of time possible, missing one or two days in July on two occasions due to his shoulder. Mr. Arias

emailed his supervisor at the time, Jennifer Nitchmann, to let her know when he was unable to come in to work.

4.6. In August 2017, Mr. Arias began reporting to Dawn Thompson, Vice President of Cardiology.

4.7. Around September 25, 2017, Mr. Arias had to take a day off of work due to extreme shoulder pain. The next day, Ms. Thompson approached Mr. Arias and told him, "You miss too much work." Mr. Arias told Ms. Thompson about his shoulder injury and explained that at times his shoulder injury prevented him from driving or working because he couldn't lift up his arm to the steering wheel.

4.8. Later the same day or the next day, Ms. Thompson approached Mr. Arias again about the injury. Mr. Arias told Ms. Thompson that he thought she should show some compassion for his medical issues. Ms. Thompson told Mr. Arias, "Apply for FMLA. That's your compassion."

4.9. On September 29, 2017, Mr. Arias submitted his initial application for intermittent leave under the FMLA to St. Luke's benefits specialist, Reed Group. Mr. Arias sought to take leave intermittently during the period September 25, 2017 through March 25, 2018.

4.10. On October 2, 2017, Ms. Thompson, met with him and issued him a written warning, in which a main complaint was that Mr. Arias was not "onsite and present" and had missed several days of work. Mr. Arias' absences were due to a medical reason. Another issue contained in the warning had previously been investigated and addressed, and had been determined not to be attributable to Mr. Arias or to a failure of the staff "Time Outs" process he helped oversee.

4.8. During the meeting on October 2, Ms. Thompson told Mr. Arias that she did not believe that his shoulder injury should keep him from working, and that Mr. Arias had "missed

3

too many days." Mr. Arias told Ms. Thompson that he had applied for intermittent FMLA and that his doctor had put him on pain medication and restricted him from driving due to his shoulder injury. Ms. Thompson responded to Mr. Arias that he had to be approved for FMLA if he wanted to take any time off. Ms. Thompson then wrote on the warning form "+FML (if approved)."

4.9. On October 4, 2017, Mr. Arias saw his doctor for shoulder pain and received a note from his doctor taking him off work for his injury for October 4 and 5 and approving his return to work on October 6. Mr. Arias returned to work on October 6, 2017.

4.10. On October 10, 2017, just 11 days after he initially requested FMLA leave, Mr. Arias was terminated. Ms. Thompson's termination document contained several reasons that were untrue, omitted relevant facts, and/or omitted the reasons for Mr. Arias' actions which were the subject of the termination writeup.

4.11. CHI St. Luke's illegally interfered with Mr. Arias' taking leave under the FMLA by terminating him before his application for FMLA could be approved. CHI St. Luke's retaliated against Mr. Arias for seeking leave under the FMLA by terminating him, in violation of the FMLA.

## 5. CAUSE OF ACTION: FAMILY AND MEDICAL LEAVE ACT

5.1. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

5.2. Defendant interfered with Plaintiff's right to seek medical leave under the FMLA. It is unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA.

5.3. Defendant terminated Plaintiff in retaliation for requesting federally protected leave under the FMLA, 29 U.S.C. § 2601, *et seq.* It is unlawful for any employer to discharge or discriminate against any individual for seeking FMLA leave.

5.4. Plaintiff has suffered damages as a result of Defendant's intentional, discriminatory, and/or otherwise unlawful acts described above.

## 6. DAMAGES

6.1. As a result of Defendant's conduct, Plaintiff seeks the following relief: (1) past and future lost wages and benefits; (2) out of pocket expenses; (3) costs of court and attorney's fees; (4) past and future mental anguish and emotional distress damages; (5) compensatory damages; and (6) all other damages to which he shows himself entitled, whether in equity or at law.

6.2. The wrongful conduct of Defendant is evidenced by a consciously indifferent attitude towards employees' rights under the FMLA. As a result of this conduct, liquidated and punitive damages should be assessed against Defendant so as to deter this type of conduct in the future.

## 7. JURY DEMAND

7.1. Plaintiff hereby makes a request for a jury trial in this cause, and has paid the required jury fee.

## 8. PRAYER

8.1. WHEREFORE, Plaintiff respectfully prays that Defendant be summoned to appear and answer, and that upon final hearing of this cause, Plaintiff is granted the following relief:

    8.1.1. Judgment against Defendant for actual damages sustained by Plaintiff as alleged herein;

    8.1.2. Grant Plaintiff general damages for the damage to Plaintiff caused by Defendant's violations of the FMLA;

    8.1.3. Pre-judgment interest at the highest legal rate;

    8.1.4. Post-judgment interest at the highest legal rate until paid;

    8.1.5. Back-pay;

8.1.6. Front-pay;

8.1.7. Damages for emotional distress and mental anguish in the past and future;

8.1.8. Liquidated damages;

8.1.9. Exemplary damages;

8.1.10. Attorneys' fees;

8.1.11. All costs of court; and

8.1.12. Such other and further relief, at law or in equity, general or special to which Plaintiff may show he is justly entitled.

Respectfully submitted,

SHELLIST LAZARZ SLOBIN LLP

*/s/ Todd Slobin*
Todd Slobin
State Bar No. 24002953
tslobin@eeoc.net
Dorian Vandenberg-Rodes
State Bar No. 24088573
drodes@eeoc.net
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
(713) 621-2277 (Tel)
(713) 621-0993 (Fax)

ATTORNEYS FOR PLAINTIFF